## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: S.C.**

**No. 12-1515** (Wood County 11-JA-52)

**FILED**

June 28, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Father filed this appeal, by counsel Robin Bonovitch, from a December 7, 2012 order of the Circuit Court of Wood County, which terminated his parental, custodial, and guardianship rights to his child S.C. The guardian ad litem for the child, Jessica Myers, has filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Lee Niezgoda, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2011, the DHHR filed its petition in the instant case. This petition alleged that Petitioner Father committed multiple acts of domestic violence against the child's mother in the presence of the child. Petitioner Father admitted to using unprescribed Adderall and K2 (synthetic cannabis). Petitioner Father was granted a pre-adjudicatory improvement period. Following his pre-adjudicatory improvement period, the circuit court found that Petitioner Father was an abusive and neglectful parent for committing multiple acts of domestic violence in the home in the presence of the child, for aiding and abetting the biological mother's substance abuse by obtaining illegal substances and assisting her in obtaining illegal substances, and for abusing controlled substances without a valid prescription. Consequently, following the dispositional hearing in August of 2012, the circuit court terminated Petitioner Father's parental, custodial, and guardianship rights. Petitioner Father appeals this termination that was based upon Petitioner Father's lack of progress during the improvement period and admitted unwillingness to comply with the requirements of the circuit court.

Petitioner Father argues that the circuit court erred in finding that the conditions of abuse and neglect giving rise to the filing of the petition were not corrected. Petitioner Father argues he presented sufficient evidence that he completed parenting classes, attended therapy, took the necessary steps to improve the conditions that led to the filing of the abuse and neglect petition, and visited with his child. In response, all respondents argue that Petitioner Father has denied that he committed acts of domestic violence or that he abused drugs. Respondents further assert that Petitioner Father refused counseling and treatment for his drug addition, that he failed to participate in drug screens as part of this pre-adjudicatory improvement plan, and that he failed to take any steps to correct the conditions that led to the filing of the instant petitions.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's termination of Petitioner Father's parental, custodial, and guardianship rights. The transcripts in the record contain from Petitioner Father denying his participation in domestic violence. The transcripts also reflect that Petitioner Father has denied he abused drugs and that he failed to complete counseling and treatment for his substance addiction. We find that the circuit court was presented with sufficient evidence to support its findings that there was no reasonable likelihood to believe that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the child's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental, custodial, and guardianship rights upon such findings.

For the foregoing reasons, we affirm the circuit court's order terminating petitioner's parental, custodial, and guardianship rights to the subject child.

Affirmed.

**ISSUED:** June 28, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II